█ In the Matter of LUCY GRILLO, Deceased. GEORGE J. LAMBERT, Respondent; JEANNETTE JONES, Respondent-Appellant; JUDITH RIEDEL, Appellant-Respondent. [813 NYS2d 92]—

In a proceeding to compel the conveyance of property to the temporary administrator of the decedent's estate, Judith Riedel appeals from so much of an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated August 31, 2004, as denied that branch of her motion which was for summary judgment for the conveyance of property previously distributed by Jeannette Jones, in her prior capacity as executrix under the last will and testament of the decedent, Lucy Grillo, to the temporary administrator of the estate, George J. Lambert, and Jeannette Jones cross-appeals, as limited by her brief, from so much of the same order as directed her to obtain and file with the court a refunding bond or other security in the amount of

$500,000 as security for the property she distributed as former executrix.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

SCPA 720 provides that although a fiduciary's powers "cease" upon the revocation of his or her letters testamentary, the revocation "does not affect the validity of any act within the powers of the fiduciary" performed by the fiduciary in "good faith" before revocation of his or her letters testamentary.

Here, the two transactions that Jeannette Jones engaged in with respect to the decedent's real property were completed before the revocation of her letters testamentary by the Surrogate's Court on April 30, 2003. As these transactions were made before the revocation of the letters testamentary, they remain enforceable and valid so long as the parties to the transactions acted in good faith (*see* SCPA 720; 1-14 LexisNexis AnswerGuide, New York Surrogate's Court § 14.23 [2] [Determining Enforceability of Actions Taken Prior to Alteration of Letters] [Matthew Bender & Co., Inc.]).

The determination of whether a party acted in bad faith ordinarily is an issue for the fact-finder to decide and cannot be decided on moving papers alone (*see Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750 [1995]; *Jordan Constr. Prods. Corp. v Travelers Indem. Co. of Am.*, 14 AD3d 655, 656 [2005]). Accordingly, the Surrogate's Court properly denied that branch of Judith Riedel's motion which was for summary judgment for the reconveyance to the decedent's estate of property distributed by Jones as triable issues of fact exist as to whether Jones acted in bad faith with respect to the property distributions she made as executrix of the decedent's estate (*see* SCPA 720).

Further, the Surrogate's Court properly directed Jones to post a bond in the amount of $500,000 as security for the property distributions she made as executrix, because such an amount would preserve the value of the decedent's estate as it existed before the property distributions (*see Matter of Goldman*, 150 AD2d 267 [1989]; *Matter of Milbank*, 49 AD2d 848 [1975]; Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 2101). Prudenti, P.J., Adams, Spolzino and Covello, JJ., concur.