■ FRANCES CRUZ et al., Respondents, v GILDA CRUZ et al., Defendants, and LONG BEACH MORTGAGE COMPANY, Appellant. [832 NYS2d 217]—

In an action, inter alia, to set aside a deed on the ground of fraud, the defendant Long Beach Mortgage Company appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Grays, J.), entered April 27, 2006, as denied those branches of its cross motion which were for summary judgment declaring that its mortgage interest in one sixth of the subject premises was valid, and for an equitable lien on the subject premises.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The owner of the subject premises died intestate, survived by six adult children who then became co-owners of the premises. Milton Brown, one of the surviving children, executed a deed conveying the entire premises to himself as sole heir, obtained a loan secured by a mortgage on the premises from the defendant Long Beach Mortgage Company (hereinafter Long Beach), and subsequently died. A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid (see Crispino v Greenpoint Mtge. Corp., 304 AD2d 608, 608-609 [2003]; Yin Wu v Wu, 288 AD2d 104, 105 [2001]; Rosen v Rosen, 243 AD2d 618, 619 [1997]; Filowick v Long, 201 AD2d 893 [1994]). Thus, the Supreme Court correctly cancelled the deed and mortgage which were obtained under false pretenses (see Crispino v Greenpoint Mtge. Corp., supra). Under these circumstances, Long Beach's only recourse is to file a claim against the estate of Milton Brown (see Filowick v Long, supra).

Moreover, the Supreme Court correctly denied that branch of Long Beach's cross motion which was for an equitable lien to recover sums paid by it for property taxes and insurance premiums for the subject premises, because Long Beach failed

to submit sufficient proof as to its payment of these amounts. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.