CitiMortgage, Inc. v Barbery (2020 NY Slip Op 04377)





CitiMortgage, Inc. v Barbery


2020 NY Slip Op 04377


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-11525
 (Index No. 19418/10)

[*1]CitiMortgage, Inc., etc., respondent, 
v
Saladino Barbery, appellant, et al., defendants.


Holly C. Meyer, Bohemia, NY, for appellant.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Saladino Barbery appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (C. Randall Hinrichs), entered June 9, 2017. The order and judgment of foreclosure and sale, upon an order of the same court dated May 25, 2017, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and denying that defendant's cross motion for leave to renew his opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer and counterclaims, and for an order of reference, which had been granted in an order of the same court dated June 1, 2015, inter alia, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the cross motion of the defendant Saladino Barbery for leave to renew his opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer and counterclaims, and for an order of reference is granted, and, upon renewal, the determination in the order dated June 1, 2015, granting those branches of the plaintiff's prior motion is vacated and those branches of the plaintiff's prior motion are denied, and the order dated May 25, 2017, is modified accordingly.
In May 2010, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Saladino Barbery (hereinafter the borrower). The borrower interposed an answer asserting, inter alia, the affirmative defense of lack of standing.
In July 2013, the plaintiff moved, among other things, for summary judgment on the complaint, based on evidence of the plaintiff's status as the servicer of the subject loan, coupled with evidence, based on the plaintiff's own business records, that the original note had been in the possession of the note's holder, Investors Savings Bank (hereinafter Investors), since at least March 23, 2007. In an order dated June 1, 2015, the Supreme Court granted the plaintiff's motion and appointed a referee.
In September 2016, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The borrower cross-moved for leave to renew his opposition [*2]to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer and counterclaims, and for an order of reference, based on new evidence submitted by the plaintiff in support of its motion for a judgment of foreclosure and sale. Specifically, the new evidence consisted of a lost note affidavit, sworn to on November 15, 2013, by one of the plaintiff's employees and stating, in relevant part, that the original note had been misplaced, lost, or destroyed at some unspecified time after the origination date. Although the lost note affidavit appears to have been made while the plaintiff's summary judgment motion was still pending, it did not come to light until nearly three years later.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]).
Here, in support of his cross motion for leave to renew, the borrower had a reasonable justification for his failure to present the new facts in opposition to the original motion, since the plaintiff had previously—and unequivocally—represented that the original note was in Investors' possession, and only later disclosed that the original note had in fact been lost, without providing any further details as to when the search for the note occurred, who conducted the search, and when the note was lost (see Wells Fargo Bank, N.A. v Meisels, 177 AD3d 812, 815; U.S. Bank Trust, N.A. v Rose, 176 AD3d 1012, 1015-1016; U.S. Bank N.A. v Cope, 175 AD3d 527, 529; Bank of N.Y. Mellon v Hardt, 173 AD3d 1125, 1127; Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1045; US Bank N.A. v Richards, 155 AD3d 522, 524).
Under these circumstances, the Supreme Court should have granted the borrower's cross motion for leave to renew and, upon renewal, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the borrower, to strike his answer and counterclaims, and for an order of reference, based on unresolved issues of fact regarding the plaintiff's standing (see Wells Fargo Bank, N.A. v Meisels, 177 AD3d at 815; Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1045; US Bank N.A. v Richards, 155 AD3d at 524).
The borrower's remaining contentions are either not properly before us or without merit.
Therefore, we reverse the judgment of foreclosure and sale, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, grant the cross motion of the borrower for leave to renew his opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer and counterclaims, and for an order of reference, and, upon renewal, deny those branches of the plaintiff's prior motion.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court