Citibank N.A. v Burns (2020 NY Slip Op 05717)





Citibank N.A. v Burns


2020 NY Slip Op 05717


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2019-10557
 (Index No. 503816/19)

[*1]Citibank N.A., etc., respondent,
v
Stephanie Burns, et al., defendants, Louis Burns, appellant.


Reingold & Tucker, Brooklyn, NY (Abraham Reingold and Jordan Tucker of counsel), for appellant.
Borchert & Laspina, P.C., Whitestone, NY (Edward A. Vincent and Robert W. Frommer of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Louis Burns appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated August 12, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were, in effect, pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2001, Louis Burns (hereinafter Louis) executed a power of attorney in favor of his daughter Stephanie Burns. He also transferred to Stephanie ownership of two parcels of real property located in Brooklyn, one on Decatur Street (hereinafter the subject property) and the other on Clarkson Avenue (hereinafter together the properties), while retaining a life estate in both for himself. In addition, Louis entered into a written agreement with Stephanie, inter alia, prohibiting her from mortgaging or encumbering the properties without his consent. Thereafter, Stephanie used the power of attorney to execute deeds as attorney-in-fact for Louis conveying the properties to herself and extinguishing the life estate. Stephanie subsequently encumbered the subject property, using a portion of the mortgage proceeds to purchase another property. In 2007, Louis commenced an action against Stephanie for a constructive trust and an accounting, and to have the properties reconveyed to him (hereinafter the 2007 action). Following a nonjury trial, the Supreme Court issued a judgment imposing a constructive trust and directing that the properties be reconveyed to Louis in fee simple. On appeal by Louis, this Court modified the judgment and remitted the matter to the Supreme Court for the entry of an amended judgment directing an accounting (see Burns v Burns, 174 AD3d 570).
In 2019, the plaintiff commenced this action to foreclose a mortgage given by Stephanie to the plaintiff's predecessor in interest consolidating two mortgages given on December 19, 2007, and November 13, 2008, respectively. Prior to serving an answer, Louis moved, inter alia, in effect, pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against him, arguing, among other things, that the mortgage was void ab initio as having been obtained by [*2]false pretenses. In an order dated August 12, 2019, the Supreme Court, inter alia, denied that branch of Louis's motion, without prejudice and with leave to renew upon service of Louis's answer. Louis appeals.
"A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid" (Cruz v Cruz, 37 AD3d 754, 754; see Matter of Bowser, 167 AD3d 1001, 1002; Deramo v Laffey, 149 AD3d 800, 802). "If a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing" (ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803; see Jiles v Archer, 116 AD3d 664, 666).
Here, to the extent Louis contends that collateral estoppel bars the instant action (see CPLR 3211[a][5]), the contention is without merit. He failed to satisfy his burden of proving that the issues in this case are identical to those raised in the 2007 action and were necessarily decided against Stephanie (see Strough v Incorporated Vil. of W. Hampton Dunes, 78 AD3d 1037, 1039; Prudential Home Mtge. Co. v Neildan Constr. Corp., 209 AD2d 394, 395). Notably, the plaintiff in this action was not a party to the 2007 action and no determination was made in the 2007 action regarding the validity of the subject mortgage.
Furthermore, Louis's contention, in effect, that the documentary evidence establishes that the plaintiff's predecessor in interest had actual or constructive notice of his adverse claim at the time the mortgage was entered into or knowledge of facts sufficient to put it on inquiry notice (see CPLR 3211[a][1]; Real Property Law § 266; Williamson v Brown, 15 NY 354, 362; Onewest Bank, FSB v Michel, 143 AD3d 869), is without merit.
"A party seeking dismissal on the ground that its defense is founded upon documentary evidence pursuant to CPLR 3211(a)(1) has the burden of submitting documentary evidence that resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Mazur Bros. Realty, LLC v State of New York, 59 AD3d 401, 402 [internal quotation marks omitted]). Here, Louis's submissions failed to demonstrate that either the plaintiff or its predecessor in interest had any notice of Louis's interest in the subject property or the existence of his agreement with Stephanie. Thus, he failed to resolve all factual issues as a matter of law and did not conclusively dispose of the plaintiff's claim.
Accordingly, we agree with the Supreme Court's determination to deny those branches of Louis's motion which were, in effect, pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against him.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court