Jaber v Elayyan (2021 NY Slip Op 08172)





Jaber v Elayyan


2021 NY Slip Op 08172


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-08472
 (Index No. 151161/17)

[*1]Juber Jaber, plaintiff, 
v
Munzer Elayyan, et al., respondents, Farhoud Jaber, appellant.


The Aboushi Law Firm, LLC, New York, NY (Aymen A. Aboushi of counsel), for appellant.
McKool Smith, New York, NY (James H. Smith and Virginia I. Weber of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust and for a judgment declaring that the plaintiff is the equitable owner of a certain parcel of real property, the defendant Farhoud Jaber appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated June 8, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Munzer Elayyan and 12 Whitwell Realty Corp. which was pursuant to CPLR 3211(a)(5) to dismiss the cross claims asserted by the defendant Farhoud Jaber against the defendant Munzer Elayyan based on the doctrine of collateral estoppel.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Munzer Elayyan and 12 Whitwell Realty Corp. which was pursuant to CPLR 3211(a)(5) to dismiss the cross claims asserted by the defendant Farhoud Jaber against the defendant Munzer Elayyan based on the doctrine of collateral estoppel is denied.
The plaintiff, Juber Jaber (hereinafter Juber), commenced this action against the defendants Munzer Elayyan, 12 Whitwell Realty Corp. (hereinafter Whitwell), and Farhoud Jaber (hereinafter Farhoud), alleging that Juber is the equitable owner of a certain parcel of real property located in Staten Island (hereinafter the subject property). The subject property is owned by Whitwell. Farhoud, individually and purportedly on behalf of Whitwell, filed cross claims against Elayyan, alleging, inter alia, that Farhoud was the sole owner and shareholder of Whitwell and, pursuant to an agreement with Juber, Elayyan had no ownership interest in Whitwell and had agreed to form Whitwell so that Farhoud could be its owner. The cross claims sought, among other things, a judgment declaring that Farhoud is the sole rightful owner and shareholder of Whitwell, and that Elayyan has no authority to act on Whitwell's behalf.
By notice of motion dated March 12, 2018, Elayyan and Whitwell moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the cross claims on the ground that the subject matter of the cross claims had already been litigated and decided in a pending action commenced by Farhoud and others in November 2016 in the Supreme Court, New York County, under Index No. 656160/16 (hereinafter the New York action). Specifically, Elayyan and Whitwell relied on an order dated May [*2]3, 2017, entered in the New York action, which had denied a motion by Farhoud and Whitwell to temporarily restrain Elayyan from interfering with the use of the subject property, finding that Farhoud lacked standing to sue on behalf of Whitwell, as he had failed to establish that he was a shareholder of Whitwell, and also lacked standing to seek injunctive relief on his own behalf since he was neither an owner nor an occupant of the subject property.
By order date June 8, 2018, the Supreme Court, inter alia, granted that branch of the motion of Elayyan and Whitwell which was pursuant to CPLR 3211(a)(5) to dismiss the cross claims asserted by Farhoud and purportedly asserted by Whitwell. Farhoud appeals from so much of the order as directed dismissal of the cross claims asserted by him in his individual capacity.
The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199). "This doctrine applies only 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party to be bound] had a full and fair opportunity to litigate the issue in the earlier action'" (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128, quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349). The party seeking the protection of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior proceeding and is decisive of the present action (see Fowler v Indymac Bank, FSB, 176 AD3d 682, 684). "[T]he party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (id. at 684 [internal quotation marks omitted]).
Here, Elayyan and Whitwell failed to establish that Farhoud is barred by collateral estoppel from prosecuting his cross claims against Elayyan regarding the rightful ownership of, and control over, Whitwell. Based on the very limited information contained in the record regarding the New York action, Elayyan and Whitwell have failed to satisfy their burden of proving that the subject matter of the cross claims are identical to those raised in the New York action and were necessarily decided against Farhoud (see Citibank, N.A. v Burns, 187 AD3d 839).
Accordingly, that branch of the motion of Elayyan and Whitwell which was pursuant to CPLR 3211(a)(5) to dismiss the cross claims asserted by Farhoud, individually, should have been denied.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court