Reid v Wells Fargo, N.A. (2021 NY Slip Op 03477)





Reid v Wells Fargo, N.A.


2021 NY Slip Op 03477


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-02251
 (Index No. 12358/15)

[*1]Donna Reid, appellant,
v
Wells Fargo, N.A., etc., respondent.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Fidelity National Law Group, New York, NY (Michael Sferlazza of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), entered December 18, 2017. The order granted the defendant's motion for leave to renew its converted motion for summary judgment dismissing the complaint, which had been denied in an order of the same court dated April 27, 2017, and, upon renewal, granted the defendant's converted motion for summary judgment dismissing the complaint.
ORDERED that the order entered December 18, 2017, is affirmed, with costs.
In July 2015, the plaintiff, Donna Reid, commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to real property located in Suffolk County (hereinafter the property). In her complaint, Reid alleged, in relevant part, that she had purchased the property for value from nonparty Marcia Shepard pursuant to a deed dated August 9, 2006 (hereinafter the 2006 deed), and sought, among other things, to cancel of record a later quitclaim deed, dated June 3, 2014 (hereinafter the 2014 deed), transferring Shepard's interest in the property to the defendant, Wells Fargo Bank, N.A. (hereinafter Wells Fargo).
The 2014 deed had been executed in connection with the settlement of a prior related action commenced by Wells Fargo against Reid, Shepard, and others to foreclose a mortgage on the property (hereinafter the foreclosure action). By order dated July 17, 2012, the Supreme Court in the foreclosure action denied Wells Fargo's motion to strike Shepard's answer and cross-claims, finding that a fraud had been committed against Shepard by certain mortgage brokers.
In this action, Wells Fargo joined issue and moved pursuant to CPLR 3211(a)(5) to dismiss the complaint, contending that the 2006 deed, which had been executed contemporaneously with the fraudulent mortgage transaction, was also void as a result of fraud, and that res judicata mandated dismissal of Reid's complaint. By order dated December 15, 2016, the Supreme Court, upon finding that the 2006 deed's validity had not been conclusively determined in the foreclosure action, converted the motion to one for summary judgment and invited a further submission by Reid [*2]in opposition. By order dated April 27, 2017, the court denied Wells Fargo's converted motion, with leave to renew upon the completion of discovery.
In September 2017, Wells Fargo moved pursuant to CPLR 2221 for leave to renew the prior motion, attaching as additional evidence a transcript of Reid's prior testimony relating to the 2006 transaction, taken during the criminal trial of one of the mortgage brokers. Reid opposed the motion. By order entered December 18, 2017, the Supreme Court granted Wells Fargo's motion for leave to renew its converted motion for summary judgment dismissing the complaint, and upon renewal, granted the converted motion, determined that the 2006 deed was void ab initio, and directed dismissal of the complaint. Reid appeals.
As a threshold matter, the Supreme Court providently exercised its discretion in granting leave to renew. Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see CitiMortgage, Inc. v Barbery, 186 AD3d 448, 449-450). Here, Wells Fargo presented a reasonable justification for its failure, on the prior motion, to submit the newly discovered evidence, i.e., the transcript of Reid's testimony in the criminal trial of one of the mortgage brokers.
Moreover, Reid's testimony about the facts underlying the 2006 transaction—unlike the materials previously submitted by Wells Fargo—was competent evidence against Reid as admissions against interest (see Reed v McCord, 160 NY 330, 341; Thompson v Coca-Cola Bottling Co., 170 AD3d 588; Ferrara v Poranski, 88 AD2d 904) and, therefore, provided a sufficient basis for the Supreme Court to change its prior determination (see CPLR 2221[e][3]).
A deed obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid (see Citibank N.A. v Burns, 187 AD3d 839). Here, Reid's testimony at the prior criminal trial established, among other things, that she never signed a loan application with respect to the property or made any down payment or mortgage payment, that her purported signature on the residential contract of sale was a forgery, and that she never intended to live in the property but simply agreed to receive a $10,000 fee for holding the property in her name for up to one year, as part of a plan to help Shepard "refinance" her home to avert a foreclosure. Contrary to Reid's contention, such evidence was sufficient to establish, prima facie, that the 2006 deed was obtained by false pretenses, and, therefore, void ab initio (see Cruz v Cruz, 37 AD3d 754). In opposition, Reid failed to explain her prior admissions or to raise a triable issue of fact as to the fraudulent nature of the 2006 deed.
The plaintiff's remaining contentions are without merit.
Accordingly, the order appealed from should be affirmed.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court