23A Vernon, LLC v Oneal (2021 NY Slip Op 05017)





23A Vernon, LLC v Oneal


2021 NY Slip Op 05017


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-03211
 (Index No. 500069/15)

[*1]23A Vernon, LLC, respondent,
v
Blanche Oneal, appellant.


Edward Harold King, PLLC (Alter & Barbaro, Brooklyn, NY [Bernard Mitchell Alter and Troy Lambert], of counsel), for appellant.
The Law Offices of Jay S. Markowitz, P.C., Williston Park, NY, for respondent.



DECISION & ORDER
In an action for a judgment declaring that a deed dated July 25, 2012, conveying certain real property is null and void, the defendant appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated January 5, 2018. The order granted the plaintiff's motion, in effect, for summary judgment on the amended complaint.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the deed dated July 25, 2012, is null and void.
By a deed dated July 25, 2012, Colie Gallman, Jr., alleged to be the sole heir of Lillian Hudson, purportedly transferred his 100% interest in certain real property owned by Hudson to the defendant. In January 2015, the plaintiff commenced this action against the defendant seeking a judgment declaring that the July 25, 2012 deed is null and void. Subsequently, the plaintiff moved pursuant to CPLR 6301 for a preliminary injunction enjoining the defendant or any of her agents from entering and/or conducting any construction or modification to the property. The defendant opposed the motion and cross-moved, inter alia, to quiet title and to vacate a prior order dated January 23, 2015, enjoining her or any of her agents from entering and/or conducting any modification or construction to the property pending a hearing on the plaintiff's motion for a preliminary injunction. In an order dated September 8, 2015, the Supreme Court granted the plaintiff's motion and the defendant's cross motion to the extent that both the plaintiff and the defendant were enjoined from entering and/or conducting any construction or modification to the property and from exercising dominion and control over it, pending the outcome of this action.
Thereafter, the plaintiff moved for leave to reargue its prior motion. The defendant opposed and cross-moved for an order modifying the order dated September 8, 2015, to allow her to resume occupancy of the property. In an order dated March 21, 2017, the Supreme Court, among other things, granted the plaintiff leave to reargue and, upon reargument, granted the plaintiff's motion for a preliminary injunction enjoining the defendant and any of her agents from entering and/or conducting any construction or modification to the property. By order dated July 14, 2017, the court modified its March 21, 2017 order, solely to the extent of clarifying that the defendant was enjoined from interfering with the plaintiff's access to and control over the property.
On September 28, 2017, the plaintiff moved to direct the Office of the City Register of the City of New York (hereinafter the Office of the City Register) "to record an Order voiding and vacating the July 25, 2012 Deed," in effect, for summary judgment on the amended complaint. In an order dated January 5, 2018, the Supreme Court granted the plaintiff's motion, ordered that the deed be voided and vacated and be of no legal force or effect, and directed the Office of the City Register to record said order against the property. The defendant appeals.
A misrepresentation in a deed that the seller of the property is the sole heir of the holder of the title to the property renders the conveyance void ab initio (see Cruz v Cruz, 37 AD3d 754, 754; see also Reid v Wells Fargo, N.A., 195 AD3d 647, 649; Matter of Bowser, 167 AD3d 1001, 1002; Matter of Deans, 68 AD3d 767, 768). Here, the evidence and affidavits submitted by the plaintiff to the Supreme Court during the course of motion practice in this action established that Colie Gallman, Jr., was not the sole heir of Hudson as of the date of the subject deed, and thus, the deed purporting to convey all of the interest in the subject property is void ab initio (see Cruz v Cruz, 37 AD3d at 754). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the plaintiff's motion, in effect, for summary judgment on the amended complaint. Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the deed dated July 25, 2012, is null and void (see Lanza v Wagner, 11 NY2d 317, 334).
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court