Aviation Distribs. Inc., Formed May 1945 v Aviation Distribs. Inc., Formed 2014 (2022 NY Slip Op 01378)





Aviation Distribs. Inc., Formed May 1945 v Aviation Distribs. Inc., Formed 2014


2022 NY Slip Op 01378


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, Pitt, JJ. 


Index No. 155301/15 153297/14 153556/15 Appeal No. 15441-15442-15442A Case No. 2019-4939 2020-01972 2020-04986 

[*1]Aviation Distribs. Inc., Formed May 1945, et al., Plaintiffs-Respondents-Appellants,
v
Aviation Distribs. Inc., Formed 2014 et al., Defendants-Appellants-Respondents, Community Preservation Neighborhood Inc., Defendant-Respondent, Future Holding Trust et al., Defendants.
Community Preservation Neighborhood Inc., Plaintiff-Respondent,
v
Aviation Distribs. Inc., Formed 2014 et al., Defendants-Appellants-Respondents, Aviation Distribs. Inc., Formed May 1945, Defendant-Respondent-Appellant, Victoria Kelly et al., Defendants.
Community Preservation Neighborhood Inc., Plaintiff-Respondent,
v
Aviation Distribs. Inc., Formed 1945 et al., Defendants-Appellants-Respondents, Aviation Distribs. Inc., Formed May 1945, Defendant-Respondent-Appellant, Victoria Kelly et al., Defendants.


Law Offices of Solomon Zabrowsky, New York (Solomon Zabrowsky of counsel), for appellants-respondents.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondents-appellants.
Ginsburg & Misk LLP, Queens (Christopher R. Clarke of counsel), for Community Preservation Neighborhood Inc, respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 20, 2020, which, to the extent appealed from as limited by the briefs, upon granting the branch of defendants John Zi, Aviation Distributors Inc. formed 2014 (Aviation 2014), and Kojo Global Property Development Inc. (Kojo)'s motion to renew, adhered to the court's June 11, 2019 order and amended October 23, 2019 order, declaring that plaintiff Aviation Distributors Inc. formed May 1945 (Aviation 1945) is the owner of the land known as 44 West 73rd Street, New York, NY, plaintiff Diane Haslett is the sole owner of Aviation 1945, Aviation 2014, defendant Community Preservation Neighborhood Inc. (Community) is the owner of the building on the land, Kojo, Aviation Distributors, Inc., Future Holding Trust, John Kwabena-Zi a/k/a John Zi, and Victoria I. Keeley a/k/a Victoria Kelley (collectively, the Kojo/Zi Parties) have no ownership or other interest in the land or building at 44 West 73rd Street, the transfer of the premises from Aviation 2014 to Kojo via an April 11, 2014 deed is void, and the "correction deed" dated 1977 and filed on October 8, 2014 is void, and adhered to its determination to strike all reference to the purported leasehold held by nonparty El Pridian Corporation, unanimously modified, on the law, to vacate the declarations that Aviation 1945 owns the land, that the Kojo/Zi Parties have no ownership interest in the land or building, and that the 1977 Correction Deed and 2014 Kojo Deed are void, and the declaration that Community owns the building, and otherwise affirmed, without costs. Appeals from the June 11, 2019 and October 23, 2019 orders unanimously dismissed, without costs, as subsumed or superseded by the appeal from the May 20, 2020 order.
In the June 11, 2019 order, Supreme Court accorded collateral estoppel effect to
John Zi's criminal trial transcript and subsequent convictions for 1) fraud related to a "correction deed" dated January 1, 1977 but filed on or about October 8, 2014, which purported to transfer the land and building from Marion R. Miller and Aviation 1945 to Zi's company Aviation 2014, and 2) fraud related to the transfer of the property from Aviation 2014 to Kojo via an April 11, 2014 deed. By order entered December 26, 2019, this Court held that the criminal trial court improperly granted Zi's request to proceed pro se without first conducting a searching inquiry regarding his mental capacity to waive counsel (People v Zi, 178 AD3d 591, 591, 593-594 [1st Dept 2019], lv denied 35 NY3d 1117 [2020]). Because the inability to waive one's right to counsel permeates the entire criminal trial, this Court overturned Zi's conviction and remanded the case for a new trial. Accordingly, the motion court properly granted renewal of the prior orders as this Court's decision constituted a new fact not offered on the prior motion that changed the prior determination (see American Audio Serv. Bur. Inc. v AT&T Corp., 33 AD3d 473, 476 [1st Dept 2006[*2]]).
Because this Court overturned the convictions against Zi and ordered a new trial, collateral estoppel no longer applies (see Church v New York State Thruway Auth., 16 AD3d 808, 810 [3d Dept 2005]; see also Wilson v City of New York, 161 AD3d 1212, 1216 [2d Dept 2018]; Sage Realty Corp. v Proskauer Rose, 251 AD2d 35, 39 [1st Dept 1998]). Since the motion court based its June 2019 decision concerning title exclusively on the collateral estoppel effect of the conviction, it no longer has any foundation. In its decision on the motion to renew, the motion court relied on the transcript of the criminal trial testimony that was submitted with the summary judgment motion to reach the same conclusions it had reached in its earlier decision. However, CPLR 4517 defines the limited circumstances when such testimony can be used in a civil action and none of the enumerated circumstances are present here. Moreover, because Zi did not testify during his criminal trial, the submitted testimony does not qualify as an "admission against interest" (see e.g. Reid v Wells Fargo, N.A., 195 AD3d 647 [2d Dept 2021]).
Without the criminal trial testimony and convictions, the only evidence that the 1977 Correction Deed and 2014 Kojo Deed are fraudulent are conclusory statements by the parties. The issue as to which deeds are enforceable is sharply disputed and turns on credibility, which cannot be appropriately determined on summary judgment. Accordingly, we find that the motion court improperly adhered to its prior decision.
Because a factual determination is needed regarding ownership of the property, it would be premature for this Court to determine the validity of the El Pridian lease. Moreover, summary judgment regarding the El Pridian lease is inappropriate as Supreme Court must make a "factual finding" regarding whether Aviation 1945 and
Diane Haslett have sufficiently explained the unavailability of the original lease and whether the secondary evidence is reliable and an accurate portrayal of the original lease (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644-645 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022