Selene Fin., L.P. v Jones (2022 NY Slip Op 02145)





Selene Fin., L.P. v Jones


2022 NY Slip Op 02145


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-09361
 (Index No. 5630/15)

[*1]Selene Finance, L.P., appellant, 
v
Nitza Jones, et al., defendants, Julia Mentore, respondent.


Borchert & LaSpina, P.C., Whitestone, NY (Helmut Borchert, Robert W. Frommer, and Edward A. Vincent of counsel), for appellant.
Law Office of Crystal Burden, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has an equitable mortgage upon certain real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Bernard J. Graham, J.), dated May 25, 2018. The order and judgment, insofar as appealed from, upon an order of the same court dated February 6, 2018, denied that branch of the plaintiff's motion which was for summary judgment declaring that its mortgage interest in at least one half of the subject property was valid, granted that branch of the plaintiff's motion which was for summary judgment declaring that it had a priority equitable mortgage lien in the property only to the extent of declaring that it had a priority equitable mortgage lien in the sum of $290,325.63 with interest from February 6, 2018, granted those branches of the cross motion of the defendant Julia Mentore which were for summary judgment dismissing the complaint insofar as asserted against her and, in effect, for summary judgment declaring that a mortgage dated February 28, 2009, is null and void, and declared that the plaintiff has a priority equitable mortgage lien in the property in the sum of only $290,325.63 with interest from only February 6, 2018, and that both a deed dated February 28, 2009, and the mortgage dated February 28, 2009, are null and void.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
On October 2, 2001, the defendant Julia Mentore (hereinafter the defendant) executed a durable general power of attorney (hereinafter the 2001 power of attorney) appointing nonparty Joseph Nykian as her agent for real estate transactions. On October 8, 2001, the defendant and the defendant Nitza Jones took title to certain real property known as 1234 St. Marks Avenue in Brooklyn, which was conveyed to them by bargain and sale deed. On the same day, Nykian, as the defendant's attorney-in-fact, and Jones executed and delivered a mortgage (hereinafter the 2001 mortgage) to Ameritrust Mortgage Bankers, Inc., to secure repayment of a $310,550 note. On or about October 8, 2001, the 2001 mortgage was assigned to Washington Mutual Home Loans, Inc. On November 7, 2001, the 2001 power of attorney was recorded. The defendant alleges that on June 16, 2008, she delivered notice to Jones and Nykian via first-class and certified mail revoking the 2001 power of attorney. A revocation of the 2001 power of attorney was not recorded.
Thereafter, on or about February 27, 2009, the defendant purportedly executed a second durable general power of attorney (hereinafter the 2009 power of attorney), which purported to expand Nykian's powers. On or about February 28, 2009, Nykian, as the defendant's "attorney in fact being recorded simultaneously herewith," purportedly conveyed the defendant's one-half interest in the subject property to Jones (hereinafter the 2009 deed). On February 28, 2009, Jones executed and delivered a mortgage (hereinafter the 2009 mortgage) to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Lend America, to secure repayment of a $346,967 note. It is undisputed that on March 5, 2009, $290,325.63 of the proceeds of the 2009 mortgage were used to satisfy the 2001 mortgage and, on or about July 10, 2009, a satisfaction of mortgage of the 2001 mortgage was recorded. On April 21, 2009, the 2009 power of attorney, the 2009 deed, and the 2009 mortgage were recorded.
In January 2010, Jones and Nykian were charged by indictment, inter alia, with residential mortgage fraud in the second degree, grand larceny in the second degree, forgery in the second degree, and falsifying business records in the first degree. The indictment alleged, among other things, that on February 28, 2009, Jones and Nykian, acting in concert, forged a power of attorney and stole the defendant's one-half interest in the subject property. On January 31, 2011, Jones pleaded guilty to attempted grand larceny in the second degree and admitted that, while acting in concert with Nykian on February 28, 2009, she stole a one-half interest in the property. The same day, Nykian pleaded guilty to attempted falsifying business records in the first degree and admitted that, while acting in concert with Jones on February 28, 2009, with intent to defraud, he "submitted a false filing of power of attorney."
On November 1, 2011, the 2009 mortgage was assigned from MERS, a nominee for Lend America, to Government National Mortgage Association (hereinafter GMAC). The same day, GMAC assigned the 2009 mortgage to LoanCare, a division of FNF Servicing, Inc. On July 19, 2012, Jones executed a loan modification agreement adding $65,880.42 to the unpaid principal of $340,268.58, resulting in a new principal balance of $406,149. The defendant alleges that in a February 2014 email, and in subsequent correspondence, she advised LoanCare of the forged signature on the power of attorney, the subsequent invalid transfer of her interest in the subject property to Jones, and the convictions of Jones and Nykian. On September 29, 2014, LoanCare assigned the 2009 mortgage to the plaintiff, Selene Finance L.P.
In May 2015, the plaintiff commenced this action against, among others, the defendant and Jones, seeking, inter alia, an equitable lien on the property with interest from February 28, 2009, and a judgment declaring that the plaintiff holds an equitable mortgage encumbering all of the defendants' interests in the property. The defendant, then appearing pro se, answered the complaint on September 25, 2015, and, in effect, asserted counterclaims sounding in fraud.
On or about February 10, 2017, the plaintiff moved for summary judgment striking the defendant's answer and dismissing her counterclaims, or alternatively, for summary judgment declaring that its mortgage interest in at least one half of the subject property was valid and declaring that it had a priority equitable mortgage lien in the sum of $494,887.85. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her.
In an order dated February 6, 2018, the Supreme Court, inter alia, determined the plaintiff's motion and the defendant's cross motion. On May 25, 2018, in an order and judgment entered upon the order, the Supreme Court, inter alia, determined that the defendant was entitled to summary judgment extinguishing the 2009 mortgage because the record evidence, including the criminal convictions of Nykian and Jones, "proves that the [2009] Lend America Mortgage was procured through fraud." The court granted those branches of the defendant's cross motion which were for summary judgment dismissing the complaint insofar as asserted against her and, in effect, for summary judgment declaring the 2009 mortgage null and void. However, based on its determination that the plaintiff "did not perpetrate fraud in acquiring the mortgage," the court also granted that branch of the plaintiff's motion which was for summary judgment declaring that it had a priority equitable mortgage lien, but only to the extent of declaring that it had a priority equitable [*2]mortgage lien in the sum of $290,325.63, "such amount representing the pay-off amount of the [2001 mortgage] based upon [principles] of equitable subrogation," with interest on the lien from February 6, 2018. The court denied that branch of the plaintiff's motion which was for summary judgment declaring that its mortgage interest in at least one half of the subject property was valid. The court declared that the plaintiff has a priority equitable mortgage lien in the property in the sum of $290,325.63, with interest from February 6, 2018, and that both the 2009 deed and the 2009 mortgage are null and void. The plaintiff appeals from the order and judgment.
"A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid" (Matter of Bowser, 167 AD3d 1001, 1002; see Cruz v Cruz, 37 AD3d 754, 754). "If a signature on a power of attorney is forged, the document executed by the purported attorney-in-fact pursuant to the power of attorney is void" (First Natl. Bank of Nev. v Williams, 74 AD3d 740, 741). "'If a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing'" (Citibank N.A. v Burns, 187 AD3d 839, 840, quoting ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803).
The defendant demonstrated her prima facie entitlement to judgment as a matter of law by submitting evidence in support of her cross motion which demonstrated that the 2009 power of attorney was forged, and that the 2009 deed was obtained by false pretenses and thus, was void (see Matter of Bowser, 167 AD3d at 1002; Cruz v Cruz, 37 AD3d at 754). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the fact that the defendant had not properly revoked the 2001 power of attorney at the time the 2009 deed was executed is irrelevant, as the 2009 deed explicitly referenced the 2009 power of attorney "being recorded simultaneously herewith." Moreover, Jones admitted to stealing the defendant's interest in the subject property.
Further, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law declaring that its mortgage interest in at least one half of the subject property was valid (see Matter of Bowser, 167 AD3d at 1002; Cruz v Cruz, 37 AD3d at 754). As the defendant established that the 2009 deed was obtained by false pretenses and is void, the mortgage based on that deed and subsequently assigned to the plaintiff is also void (see Matter of Bowser, 167 AD3d at 1002; Cruz v Cruz, 37 AD3d at 754; see generally Jiles v Archer, 116 AD3d 664, 667).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court