Matter of Oglesby (2026 NY Slip Op 01363)

Matter of Oglesby

2026 NY Slip Op 01363

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2024-03087

[*1]In the Matter of Ammie Oglesby, deceased. Lois M. Rosenblatt, etc., petitioner-respondent; MRAG Development, LLC, et al., respondents-appellants, et al., respondent. (File No. 2245/17)

Weber Law Group LLP, Melville, NY (Jaret S. Weber of counsel), for respondents-appellants.
Sweeney Reich & Bolz, Lake Success, NY (Gerard J. Sweeney of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding to vacate two deeds dated June 22, 2018, conveying certain real property of the decedent, MRAG Development, LLC, and Amida Specialty Opportunity Investments, LLC, appeal from an order and decree (one paper) of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated October 4, 2023. The order and decree, insofar as appealed from, granted that branch of the petitioner's motion which was for summary judgment vacating the subject deeds, turning over possession of the subject property to the decedent's estate, and declaring a mortgage on the property void.
ORDERED that the order and decree is affirmed insofar as appealed from, with costs.
Ammie Oglesby (hereinafter the decedent) and Ethel Oglesby each owned a one-half interest in certain real property located in St. Albans. The decedent passed away in February 2017. A purported will of the decedent appointed Robert Boyd as executor and sole residuary beneficiary of the decedent's estate. In April 2017, Boyd filed a petition for probate. In December 2017, Boyd filed an amended petition. The amended petition listed Boyd and Orian Collins, the decedent's niece, as the only parties of full age and sound mind interested in the will. By decree dated February 2, 2018, the Surrogate's Court granted probate and issued letters testamentary to Boyd.
By deed dated June 22, 2018, Boyd, "as executor" of the decedent's estate, purportedly transferred the decedent's 50% interest in the subject property to MRAG Development, LLC (hereinafter MRAG). By deed also dated June 22, 2018, Collins, as "sole surviving heir of the estate of Avery Oglesby," purportedly transferred the estate of Avery Oglesby's 50% interest in the property to MRAG. To secure a loan received, MRAG gave a mortgage on the property to Amida Specialty Opportunity Investments, LLC (hereinafter Amida).
By decision and order dated May 20, 2020, the Surrogate's Court, inter alia, vacated its decree dated February 2, 2018, which had granted probate to the decedent's will, and revoked letters testamentary issued to Boyd, on the ground that the only individuals cited as distributees in the initial probate proceeding were Boyd and Collins and jurisdiction was not obtained over all of [*2]the necessary parties with an interest in the proceeding. The petitioner, the Public Administrator of Queens County, was appointed temporary administrator of the decedent's estate.
Thereafter, the petitioner moved, among other things, for summary judgment vacating the deeds from Boyd and Collins to MRAG, turning over possession of the property to the decedent's estate, and declaring Amida's mortgage on the property void. In an order and decree dated October 4, 2023, the Surrogate's Court, inter alia, granted that branch of the petitioner's motion. MRAG and Amida appeal.
As a preliminary matter, contrary to the contention of MRAG and Amida, this proceeding is related to the decedent's affairs and affects the administration of the decedent's estate and, thus, the Surrogate's Court had subject matter jurisdiction (see SCPA 201; Matter of Vecchio, 221 AD3d 720, 721; Matter of Hersh, 102 AD3d 872, 872-873).
"A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid" (Matter of Bowser, 167 AD3d 1001, 1002; see Cruz v Cruz, 37 AD3d 754, 754). Additionally, "[a] misrepresentation in a deed that the seller of the property is the sole heir of the holder of the title to the property renders the conveyance void ab initio" (23A Vernon, LLC v Oneal, 197 AD3d 1224, 1225; see Cruz v Cruz, 37 AD3d at 754).
Here, the petitioner demonstrated her prima facie entitlement to judgment as a matter of law by submitting evidence which established that the deed from Boyd to MRAG was obtained by false pretenses (see Selene Fin., L.P. v Jones, 203 AD3d 1191, 1194; Matter of Bowser, 167 AD3d at 1002; Cruz v Cruz, 37 AD3d at 754). Further, the petitioner established, prima facie, that the deed from Collins, as "sole surviving heir" of the estate of Avery Oglesby, was also based on false pretenses and facially defective (see Watson v Lampkin, 214 AD3d 427, 427; 23A Vernon, LLC v Oneal, 197 AD3d at 1225).
In opposition, MRAG and Amida failed to raise a triable issue of fact. With respect to the deed from Boyd to MRAG, MRAG and Amida's reliance on Matter of Grillo (26 AD3d 376) is unavailing. Under the discrete facts in Matter of Grillo, this Court held that the good faith of the executor was a question of fact and remitted the matter to the Surrogate's Court for further proceedings on that issue. In contrast, here, there are no questions of fact about Boyd's false pretenses leading to the issuance to him of letters testamentary, which were then used to transfer 50% of the property to MRAG. The false pretenses in this instance were committed as much against the Surrogate's Court as upon the parties. Moreover, SCPA 720 generally renders the acts of an estate's executor prior to being removed enforceable, so long as the acts are undertaken in good faith. In Matter of Grillo, this Court interpreted the provisions of SCPA 720 as validating the acts undertaken by the estate's "fiduciary in 'good faith' [when performed] before revocation of his or her letters testamentary" (Matter of Grillo, 26 AD3d at 377 [emphasis added]). This Court underscored the point a second time in Matter of Grillo by stating that the executor's pre-removal conveyances "remain enforceable and valid so long as the parties to the transactions acted in good faith" (id. [emphasis added]). Here, since the Surrogate's Court properly found that Boyd had acted under false pretenses in obtaining letters testamentary, which were then used to transfer the property to MRAG to his personal benefit, the transfer does not enjoy the protective provisions of SCPA 720, and the court properly granted judgment as a matter of law vacating the deed from Boyd to MRAG and declaring Amida's encumbrance upon the property void.
We are not persuaded that a contrary result is warranted under Gerlitz v Biddle (202 AD3d 762). There, a transfer was found to be merely voidable rather than void. However, the estate administrator's letters of administration were revoked "for reasons that are not known to this Court or apparent from the face of the record" (id. at 764), and the revocation was not attributed to any fraud or false pretenses in the attainment of letters of administration or in the property transfer itself.
MRAG and Amida also failed to raise a triable issue of fact with respect to the deed from Collins to MRAG. The property was originally held by Ethel Oglesby and the decedent, Ammie Oglesby, as joint tenants. Collins could not transfer the 50% interest of her aunt, Ethel. Collins defaulted in appearing in this proceeding, rendering the allegations involving Collins' false [*3]pretenses uncontested by her. To the extent MRAG and Amida argued that Ethel's 50% property interest devised to Collins through the deaths of other family members including Ethel, the Surrogate's Court correctly noted that this argument was based on a hearsay affirmation of counsel without personal knowledge, an unauthenticated funeral mass card, and a family tree affidavit which identified several family members entitled to notice of the probate proceeding.
Further, MRAG's and Amida's reliance upon Real Property Law § 266, which protects bona fide purchasers for value, is unavailing, as the statute does not apply where, as here, an underlying transaction is void (see Bouffard v Befese, LLC, 111 AD3d 866, 870-871).
MRAG's and Amida's remaining contentions are without merit.
Accordingly, we affirm the order and decree insofar as appealed from.
DILLON, J.P., CHRISTOPHER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court