Matter of Oglesby (2026 NY Slip Op 01362)

Matter of Oglesby

2026 NY Slip Op 01362

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2024-01751

[*1]In the Matter of Ammie Oglesby, deceased. Lois M. Rosenblatt, etc., respondent; SHC Equities, LLC, appellant. (File No. 2245/17)

Steve Okenwa, P.C., Brooklyn, NY (Steve C. Okenwa of counsel), for appellant.
Sweeney Reich & Bolz, Lake Success, NY (Gerard J. Sweeney of counsel), for respondent.

DECISION & ORDER
In a proceeding to vacate a deed dated September 27, 2017, conveying certain real property of the decedent and to turn over the subject property to the decedent's estate, SHC Equities, LLC, appeals from an order and decree (one paper) of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated October 11, 2023. The order and decree, insofar as appealed from, granted that branch of the petitioner's motion which was for summary judgment vacating the subject deed and turning over possession of the subject property to the decedent's estate.
ORDERED that the order and decree is affirmed insofar as appealed from, with costs.
Ammie Oglesby (hereinafter the decedent) owned certain real property located in Cambria Heights. The decedent passed away in February 2017. A purported will of the decedent appointed Robert Boyd as executor and sole residuary beneficiary of the decedent's estate. In April 2017, Boyd filed a petition for probate. In December 2017, Boyd filed an amended petition. The amended petition listed Boyd and Orian Collins, the decedent's niece, as the only parties of full age and sound mind interested in the will. By deed dated September 27, 2017, Boyd, as "sole heir" of the decedent's estate, conveyed the subject property to SHC Equities, LLC (hereinafter SHC). By decree dated February 2, 2018, the Surrogate's Court granted probate and issued letters testamentary to Boyd. The transfer of the property had therefore occurred prior to Boyd's receipt of letters testamentary.
By decision and order dated May 20, 2020, the Surrogate's Court, inter alia, vacated its decree dated February 2, 2018, which had granted probate to the decedent's will, and revoked letters testamentary issued to Boyd, on the ground that the only individuals cited as distributees in the initial probate proceeding were Boyd and Collins and jurisdiction was not obtained over all of the necessary parties with an interest in the proceeding. The petitioner, the Public Administrator of Queens County, was appointed temporary administrator of the decedent's estate.
Thereafter, the petitioner moved, among other things, for summary judgment vacating the deed and turning over possession of the property to the decedent's estate. In an order and decree dated October 11, 2023, the Surrogate's Court, inter alia, granted that branch of the petitioner's [*2]motion. SHC appeals.
"A misrepresentation in a deed that the seller of the property is the sole heir of the holder of the title to the property renders the conveyance void ab initio" (23A Vernon, LLC v Oneal, 197 AD3d 1224, 1225; see Cruz v Cruz, 37 AD3d 754, 754). Here, the evidence submitted by the petitioner established, prima facie, that Boyd was not the sole heir of the decedent as of the date of the deed and, thus, the deed purporting to convey the property to SHC by Boyd, as sole heir, is void ab initio (see 23A Vernon, LLC v Oneal, 197 AD3d at 1225; Cruz v Cruz, 37 AD3d at 754).
In opposition, SHC failed to raise a triable issue of fact. SHC contends that the deed transfer survives Boyd's representation that he was the "sole heir," as he was the sole beneficiary to the residual estate which includes the property. However, notice to the decedent's other surviving relatives was first required to ascertain if there would be a challenge to probate. Indeed, the Surrogate's Court properly reasoned that any prospective result of the probate proceeding awarding Boyd the residuary estate did not excuse the fact that "Boyd's transfer of the subject premises . . . under the guise of sole heirship was false."
For these reasons, the Surrogate Court properly granted that branch of the petitioner's motion which was for summary judgment vacating the deed and turning over possession of the property to the decedent's estate (see 23A Vernon, LLC v Oneal, 197 AD3d at 1225; see also Cruz v Cruz, 37 AD3d at 754).
SHC's remaining contentions are without merit.
Accordingly, we affirm the order and decree insofar as appealed from.
DILLON, J.P., CHRISTOPHER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court