■ HEALTHNOW NY, INC., as Subrogee of HAROLD G. WEBB, Respondent, v PATRICIA WHITE et al., Defendants. PROGRESSIVE INSURANCE COMPANY, Appellant. [825 NYS2d 849]—

Appeal from an order of the Supreme Court, Erie County

(Donna M. Siwek, J.), entered October 14, 2005. The order denied the cross motion of Progressive Insurance Company seeking an order quashing a judicial subpoena duces tecum.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the first ordering paragraph and the direction that Progressive Insurance Company produce that portion of its liability/bodily injury file not previously reviewed in camera and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Progressive Insurance Company (Progressive), a nonparty, appeals from an order denying its cross motion seeking an order quashing the judicial subpoena duces tecum served upon it by plaintiff and directing Progressive to produce its "entire liability/bodily injury file relative to" the underlying personal injury action commenced by plaintiff's subrogor, Harold G. Webb, against, inter alia, defendant Maureen Eckrote, Progressive's insured. The personal injury action was settled, plaintiff commenced the instant action seeking to recover medical expenses it paid on behalf of Webb, and Eckrote raised the settlement as a defense. It is undisputed that Progressive previously submitted a portion of its file relative to the underlying action for in camera review by Supreme Court. We conclude that the court erred in denying the cross motion in its entirety and directing Progressive to produce its "entire liability/bodily injury file relative to" the underlying action without reviewing in camera those documents not previously submitted by Progressive to determine whether they are relevant to plaintiff's subrogation action (*see generally Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378 [1991]; *Geary v Hunton & Williams*, 245 AD2d 936, 939 [1997]). We further conclude, however, that the court properly directed Progressive to produce that portion of the file previously reviewed in camera. We therefore modify the order accordingly, and we remit the matter to Supreme Court for in camera review of the remainder of the file to determine if any of the documents therein are subject to disclosure. Present—Hurlbutt, J.P., Scudder, Smith and Green, JJ.