■ Compañía de Inversiones de Engergía S.A., Respondent, v AEI, Formerly Known as Ashmore Energy International and Another, Appellant. [915 NYS2d 546]—

Order and amended order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 12, 2010 and April 16, 2010, respectively, which granted plaintiff's motion to renew and reargue the court's prior order, entered August 3, 2009, granting defendant's motion to dismiss the complaint on the grounds of international comity, and upon renewal, vacated the prior order, and denied the motion to dismiss on its alternative grounds of CPLR 3211 (a) (1), (2) and (7), unanimously affirmed, with costs.

We agree with the motion court that the documentary evidence submitted in support of defendant's motion to dismiss fails to resolve all factual issues concerning whether the parties' restructuring agreement constitutes an "acknowledgment or promise" within the meaning of General Obligations Law § 17-101, and is sufficient to revive defendant's time-barred claim on certain debts owed by plaintiff under bonds issued in 1997. While the restructuring agreement contains an acknowledgment of plaintiff's debt and prohibits it from taking certain actions unless the debt is paid, it also purports to cancel the existing debt and states that except as provided therein, plaintiff will not pay it. In order to constitute an acknowledgment of a debt under General Obligations Law § 17-101, a writing "must recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" (*Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 521 [1976]).

We reject defendant's contention that a forbearance clause in the restructuring agreement served to toll the running of the statute of limitations (*see* General Obligations Law § 17-103 [1], [3]; *Robinson v City of New York*, 24 AD2d 260, 262 [1965]; *Matter of Eberhard v Elmira City School Dist.*, 6 AD3d 971, 973 [2004]). Concur—Gonzales, P.J., Sweeny, Acosta, Freedman and Abdus-Salaam, JJ.