*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 22, 2015                    519817
_____

FRANCISCO MAZO et al.,
                    Appellants,

            v                                    MEMORANDUM AND ORDER

MANUEL MAZO JR. et al.,
                    Respondents.
_____

Calendar Date:    September 14, 2015

Before:    Egan Jr., J.P., Rose, Devine and Clark, JJ.

                        _____


        Sussman & Watkins, Goshen (Michael H. Sussman of counsel),
for appellants.

        Kalter, Kaplan, Zeiger & Forman, Woodbourne (Ivan Kalter of
counsel), for respondents.

                        _____


Rose, J.

        Appeal from an order of the Supreme Court (Melkonian, J.),
entered October 3, 2013 in Ulster County, which, among other
things, granted defendants' motion for summary judgment
dismissing the complaint.

        The parties to this action are siblings who have been
embroiled in a dispute over two parcels of real property in
Ulster County since 2002, when the parties' mother purportedly
deeded the parcels to defendant Manuel Mazo Jr.  After plaintiffs
failed in their attempt to purchase the parcels from Manuel Mazo,
plaintiff Francisco Mazo commenced a civil action against Manuel
Mazo in Supreme Court in 2004 (hereinafter the 2004 action) and
later initiated a criminal action against Manuel Mazo in Spain in
2006 (hereinafter the Spanish criminal action).

In 2011, plaintiffs commenced this action alleging that the 2002 deed is forged, fraudulent and void.[1]  After joinder of issue, defendants moved for, among other things, summary judgment dismissing the complaint on the ground that the action is barred by the doctrine of collateral estoppel due to the dismissal of the Spanish criminal action, which also had accused Manuel Mazo of forging the mother's signature on the deed.  Defendants' motion argued further that plaintiffs' action is barred by the statute of limitations and that Francisco Mazo failed to satisfy certain terms of a stipulation of settlement to resolve the 2004 action, thereby triggering a default provision which, among other things, prevents him from maintaining this action.  Ultimately, Supreme Court awarded summary judgment to defendants dismissing plaintiffs' complaint as barred by both collateral estoppel and the statute of limitations.  In addition, the court found that the stipulation's default provision expressly required dismissal of the 2004 action, which it so ordered.  Plaintiffs now appeal.

We agree with plaintiffs that they are not collaterally estopped from maintaining this action.  It is well established that "dismissal of a criminal charge . . . does not generally constitute collateral estoppel in relation to a civil action because of the difference in the burden of proof to establish the factual issues" (Kalra v Kalra, 149 AD2d 409, 410 [1989]; cf. Matter of Arnold v Goosby, 186 AD2d 1037, 1037 [1992]).  Indeed, the Spanish court dismissed the Spanish criminal action "without prejudice," expressly permitting the matter to "be referred to civil jurisdiction."  Inasmuch as this dismissal of the Spanish criminal action did not conclusively establish whether the signature was forged, and did not preclude plaintiffs from commencing a similar civil action, defendants have failed to satisfy their burden of proving "that this identical issue was necessarily decided in the [prior action] and is conclusive in the [present] action" (D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 666 [1990]; see Kaufman v Eli Lilly & Co., 65

---

[1]  At oral argument, plaintiffs conceded that their claim rests entirely upon their allegations that the mother's signature on the deed was forged.  They agreed that if there is no forgery, there is no fraud.

NY2d 449, 455-456 [1985]).

Nor should plaintiffs' action have been deemed time-barred by the statute of limitations. While the limitations period for a cause of action sounding in fraud is the greater of six years after the cause of action accrued or two years after it could have been discovered with reasonable diligence (see CPLR 213 [8]), the Court of Appeals has recently held that this period does not apply when the particular species of fraud alleged is the forgery of a deed. The Court found that, unlike other fraud-based causes of action, "a claim against a forged deed is not subject to a statute of limitations defense" because of "the clarity of our law that a forged deed is void ab initio, and that it is a document without legal capacity to have any effect on ownership rights" (Faison v Lewis, 25 NY3d 220, 226 [2015]).

Finally, plaintiffs argue that the 2004 action should not have been dismissed based on the language of the default clause in the stipulation of settlement. "Like any contract, . . . a stipulation [of settlement] will be enforced so long as it is sufficiently definite in its material terms so as to enable a court 'to determine what in fact the parties have agreed to'" (Samonek v Pratt, 112 AD3d 1044, 1045 [2013], quoting Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91 [1991]). Here, the stipulation unambiguously provides that, in order to purchase the parcel that Manuel Mazo agreed to sell, Francisco Mazo was required to close title within 120 days, with "time of the essence." It further provides that if Francisco Mazo failed to satisfy this condition, he would be required to recognize Manuel Mazo as the "legal and equitable owner" of the parcel, and would "no longer have any right in and to said premises or the right to purchase same and [the 2004] action is deemed to be discontinued on the merits and with prejudice." Plaintiffs concede that Francisco Mazo did not close on the parcel within 120 days. Nevertheless, they attempt to excuse his clear failure to perform by claiming that Manuel Mazo also breached the stipulation by, among other things, never attempting to schedule a closing. However, we view these claims as "conclusory, unsupported allegations that are at odds with the factual evidence in the record" and, as such, are insufficient to raise a triable issue of fact (Collins v Yodle, Inc., 105 AD3d

1178, 1179 [2013], lv denied 21 NY3d 860 [2013]; see 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1395 [2009], lv denied 14 NY3d 706 [2010]). Accordingly, we agree that Supreme Court properly dismissed the 2004 action as the stipulation expressly requires.

Nevertheless, we decline defendants' request to further interpret the language of the stipulation's default clause as requiring dismissal of the present action. We note that plaintiff Joseph Mazo was not a party to the stipulation or the 2004 action, and he is not otherwise barred from maintaining this action. As for Francisco Mazo, defendants argue that the default clause states that he "no longer ha[s] any right in and to said premises." However, reading the document as a whole, it is unclear whether the parties intended that language to extinguish all of Francisco Mazo's rights to the property – including his ability to maintain the present action – or only those purported rights he asserted in the 2004 action, which did not include a forgery claim. For example, the stipulation originally required the parties to exchange general releases upon closing, but the parties amended that provision, agreeing to grant only "[r]eleases specific to claims in [the 2004] action." The parties also agreed to delete a provision that would have required Francisco Mazo to formally recognize that the deed was properly executed and not a forgery. These apparent contradictions lead us to conclude that it is also inappropriate, at this stage of the proceedings, to preclude Francisco Mazo from maintaining the forgery cause of action, inasmuch as a "'determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence'" (Dudick v Gulyas, 4 AD3d 604, 606 [2004], quoting Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172 [1973]).

We have examined plaintiffs' remaining arguments and find them to be without merit.

Egan Jr., J.P., Devine and Clark, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing plaintiffs' forgery cause of action; motion denied to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court