Karipaparambil v Polus (2021 NY Slip Op 03908)





Karipaparambil v Polus


2021 NY Slip Op 03908


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, JJ. 


Index No. 654268/20 Appeal No. 14087-14087A Case No. 2021-00747, 2021-00883 

[*1]Dominic Thomas Karipaparambil, Plaintiff-Appellant,
v
Robert Michael Polus et al., Defendants-Respondents.


Stinson LLP, New York (Kieran M. Corcoran of counsel), for appellant.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Patrick G. Rideout of counsel), for respondents.



Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered March 10, 2021, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 2, 2021, which granted defendants' motion to dismiss the complaint alleging causes of action for breach of fiduciary duty and aiding and abetting breach of fiduciary duty, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. The court correctly rejected plaintiff's attempt to recast a breach of contract claim as one for breach of fiduciary duty. The gravamen of plaintiff's allegations is that defendant Polus promised him a share in the profits and growth of nonparty Xcellence, Inc. despite plaintiff's admission that he had no formal interest in that entity. Plaintiff does not identify the precise amount of equity interest he was allegedly owed in Xcellence or any other details of this purported understanding. The court properly determined that plaintiff was not permitted to reframe an unenforceable oral contract as a claim sounding in tort (see e.g. Castellotti v Free, 138 AD3d 198, 210 [1st Dept 2016]).
Plaintiff also failed to sufficiently allege that he and Polus had a fiduciary relationship (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 561 [2009]). The complaint's allegations suggest a conventional business relationship between the CEO of a parent corporation and a minority shareholder in its subsidiary. Plaintiff's conclusory allegations of personal friendship with Polus were also insufficient to rise to the level of a fiduciary duty, regardless of when the friendship was formed.
Plaintiff's claim for aiding and abetting a breach of fiduciary duty was also properly dismissed. The lack of a predicate breach of a fiduciary duty precluded the aiding and abetting claim outright (Slifka v Slifka, 177 AD3d 418, 420 [1st Dept 2019]). Plaintiff also failed to allege in nonconclusory terms that defendants JLL Partners Fund VII, L.P. and JLL XDD Holdings LLC had actual knowledge of Polus's purported promise to share in the sale of Xcellence, or that they engaged in acts that would have substantially assisted Polus in achieving his breach of duty (Kaufman v Cohen, 307 AD2d 113, 124-126 [1st Dept 2003]). Allegations that the purported aider and abettor merely performed ordinary business functions are insufficient to establish substantial assistance (McBride v KPMG Intl., 135 AD3d 576, 579 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021