DiCenzo v Mone (2021 NY Slip Op 06734)





DiCenzo v Mone


2021 NY Slip Op 06734


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

532201
[*1]William R. DiCenzo II, on Behalf of and as Guardian of the Property of William R. DiCenzo Sr. and on Behalf of Allen Drive Realty Inc. and Kirby Road Apartments LLC, Appellant,
v
Michael Mone, Individually and as Managing Member of Kirby Road Apartments LLC, et al., Respondents.

Calendar Date:October 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Hodgson Russ LLP, Albany (Scott C. Paton of counsel), for appellant.
Robert N. Gregor, Lake George, for Michael Mone and others, respondents.
Cabaniss Casey LLP, Albany (David B. Cabaniss of counsel), for Debbie Cutler and another, respondents.



Egan Jr., J.P.
Appeals (1) from an order of the Supreme Court (Farley, J.), entered March 2, 2020 in Saratoga County, which granted a cross motion by defendants Debbie Cutler and Cutler, Trainor & Cutler LLP to dismiss the amended complaint against them, and (2) from that part of an order of said court, entered May 28, 2020 in Saratoga County, which (a) partially granted a motion by defendants Michael Mone, Nicholas Mone, Barbara Mone and Courtenay W. Hall for dismissal of the amended complaint against them, (b) granted motions by defendants to disqualify plaintiff's counsel, and (c) denied plaintiff's motion to disqualify counsel for defendants Michael Mone, Nicholas Mone, Barbara Mone and Courtenay W. Hall.
As set forth in plaintiff's amended complaint, William R. DiCenzo Sr. (hereinafter DiCenzo) was the sole shareholder of Allen Drive Realty Inc. (hereinafter Allen Drive) and, in 1988, sold 75% of his ownership interest to defendants Michael Mone, Courtenay W. Hall and Nicholas Mone. The purchase price was $900,000 and, pursuant to the purchase agreement, DiCenzo was to receive $100,000 of the purchase price up front and monthly installment payments for 30 years, with the Mones and Hall further agreeing to assume liability for a loan encumbering real property owned by Allen Drive. Nicholas Mone apparently gave up his ownership share in the 1990s — leaving Michael Mone and Hall (hereinafter collectively referred to as the co-owners) as equal owners of Allen Drive with DiCenzo — and, in 2003, the co-owners stopped making the required installment payments. Also that year, defendant Debbie Cutler of defendant Cutler, Trainor & Cutler LLP (hereinafter collectively referred to as the Cutler defendants) provided legal counsel to the co-owners in organizing a new entity, Kirby Road Apartments LLC (hereinafter Kirby Road), and transferring Allen Drive's assets to it. DiCenzo allegedly did not consent to that transfer and refused to execute a proposed 2004 agreement, also prepared by Cutler, that would formally grant him a one-third ownership interest in Kirby Road. DiCenzo then executed a document in 2016, the validity of which is in dispute, in which he declared the debt owed under the 1988 purchase agreement to be paid in full and released the co-owners of further liability in consideration for his one-third ownership interest in Kirby Road and a one-time payment of $248,294 (hereinafter the 2016 release).
Concerns thereafter arose about DiCenzo's mental acuity and plaintiff, his son, was appointed as his guardian. Plaintiff came to believe that Nicholas Mone, the co-owners and their associates had misused business assets and exploited DiCenzo in the course of their dealings and, as a result, commenced this action on behalf of DiCenzo, Allen Drive and Kirby Road in December 2018. In his amended complaint, plaintiff asserted a myriad of claims against the co-owners, Nicholas Mone, defendant Barbara Mone (hereinafter collectively referred to as the Mone defendants[*2]) and the Cutler defendants, including ones for breach of contract, breach of fiduciary duty, unjust enrichment, fraudulent inducement or concealment and conversion.
A flurry of motion practice followed joinder of issue. Plaintiff filed two motions seeking partial summary judgment and other relief, while the Cutler defendants cross-moved for, among other things, dismissal of the amended complaint against them.[FN1] Supreme Court denied plaintiff's motions and reserved on the cross motion of the Cutler defendants. Thereafter, in an order entered in March 2020, Supreme Court granted the cross motion and dismissed the claims against the Cutler defendants as either barred by the statute of limitations or failing to state a cause of action.
Meanwhile, in January 2020, the Mone defendants moved for dismissal of the amended complaint against them or, in the alternative, for summary judgment. The Mone defendants also sought to disqualify plaintiff from representing himself in this matter, and the Cutler defendants separately moved for that relief. Plaintiff moved, in turn, for relief that included disqualification of counsel for the Mone defendants. Supreme Court issued an order entered in May 2020 in which it addressed those motions by dismissing part or all of certain claims against the Mone defendants as time-barred, dismissing others as failing to state a cause of action, disqualifying plaintiff from representing himself and declining to disqualify counsel for the Mone defendants. Plaintiff appeals from the March 2020 and May 2020 orders.
To begin, plaintiff contends that Supreme Court erred in dismissing certain of his claims against the Mone defendants as partially or entirely time-barred, focusing in particular upon claims sounding in breach of contract, fraudulent inducement and breach of fiduciary duty, as well as one seeking to impose a constructive trust. To obtain dismissal of a claim under "CPLR 3211 (a) (5), [the] defendant[s] bore the initial burden to establish, prima facie, that the action was time-barred, and, to do so, [were] required to establish when [the] plaintiff's causes of action accrued" (Northeastern Indus. Park, Inc. v Hoosick Val. Contrs., Inc., 106 AD3d 1182, 1183 [2013] [internal citations omitted]; see CitiMortgage, Inc. v Ramirez, 192 AD3d 70, 74 [2020]; Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 168 AD3d 1162, 1166 [2019]). The statute of limitations is six years for a breach of contract claim (see CPLR 213 [2]), as well as for a claim seeking to impose a constructive trust (see CPLR 213 [1]; Matter of George, 194 AD3d 1290, 1293 [2021]). As for claims alleging fraudulent inducement, as well as ones alleging breach of fiduciary duty premised upon fraudulent conduct, "the six-year limitations period or the two-year discovery exception, whichever [is] greater," applies (Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 168 AD3d at 1166; see CPLR 213 [8]; NYAHSA Servs., Inc., Self-Ins. Trust v People [*3]Care Inc., 141 AD3d 785, 791 [2016]). Finally, although the appropriate statute of limitations for unjust enrichment claims depends upon the factual context, plaintiff does not dispute Supreme Court's conclusion that a six-year statute of limitations applied to those claims here (see Fitzgerald Morris Baker Firth P.C. v Mayor of the Vil. of Hoosick Falls, 179 AD3d 1361, 1364 [2020]).
Turning to the dismissal of plaintiff's claim that the co-owners and Nicholas Mone breached the 1988 purchase agreement, although the 2016 release did not revive the claim (seeCompaÑÍa de Inversiones de EngergÍa S.A. v AEI, 80 AD3d 533, 533 [2011]; Chase v Houghton, 41 AD3d 1062, 1062-1063 [2007]), we agree with plaintiff that the Mone defendants failed to establish that the claim was time-barred in its entirety. The claim alleges that the co-owners and Nicholas Mone stopped making monthly payments as required by the 1988 agreement in December 2003, 15 years before the commencement of this action. "Without acceleration of the entire debt by" DiCenzo, however, "a cause of action for portions of the indebtedness" owed would only accrue when each of the individual installments became due (Phoenix Acquisition Corp. v Campcore, Inc., 81 NY2d 138, 141-142 [1993]; see Cadlerock, L.L.C. v Renner, 72 AD3d 454, 454 [2010]; Orville v Newski, Inc., 155 AD2d 799, 801 [1989], appeal dismissed75 NY2d 946 [1990]). The Mone defendants did not demonstrate that DiCenzo accelerated the debt and, as a result, failed to sustain their burden of showing that the claim was time-barred to the extent that it sought to recover installments that became due after December 2012.[FN2]
We are otherwise satisfied that the Mone defendants demonstrated that the claims at issue were either entirely time-barred or that any recovery under them was limited to acts occurring within the applicable statute of limitations. Without belaboring the point, the amended complaint is premised upon activity that mostly or entirely occurred — and that DiCenzo was or should have been aware of — decades before the commencement of this action, including the co-owners' 2003 conduct in transferring Allen Drive's assets to Kirby Road, the 2004 efforts to formally grant DiCenzo an interest in Kirby Road and the Mone defendants' alleged misuse of Allen Drive and Kirby Road assets from 1991 onward. As such, Supreme Court correctly determined that the Mone defendants had met their burden of showing that the other challenged claims were barred by the applicable statute of limitations.
The burden accordingly shifted to plaintiff to raise a question of fact as to whether the statutes of limitations on those claims were tolled or otherwise inapplicable (see Lavelle-Tomko v Aswad & Ingraham, 191 AD3d 1142, 1144 [2021]) and, in that regard, plaintiff primarily argues that the Mone defendants should be equitably estopped from asserting the defense. Plaintiff fails to offer any allegation of actual misrepresentations by any defendant [*4]that would have prevented DiCenzo from timely bringing suit, however, nor does he articulate how any failure to disclose pertinent facts "changed [DiCenzo's] awareness of [them] or . . . had a direct role in [DiCenzo's] failure to file suit within an appropriate time period" (Zumpano v Quinn, 6 NY3d 666, 676 [2006]). To the contrary, plaintiff attempts to justify his argument by pointing to the Mone defendants' actions in taking DiCenzo's interest in Allen Drive without paying him, failing to formally grant him an ownership interest in Kirby Road and then presenting the 2016 release for his signature, all of which DiCenzo knew about and none of which would obviously deter him from bringing suit. Further, although a fiduciary relationship may well have existed between DiCenzo and the co-owners that required them to inform DiCenzo of facts underlying a claim, plaintiff failed "to establish that subsequent and specific actions by [them] somehow kept [DiCenzo] from timely bringing suit," and equitable estoppel does not lie (id.at 674; see Benedict v Whitman Breed Abbott & Morgan, 77 AD3d 867, 870 [2010], lv denied 16 NY3d 706 [2011]; Doe v Holy See [State of Vatican City], 17 AD3d 793, 796 [2005], lv denied 6 NY3d 707 [2006]).[FN3] Plaintiff's remaining contentions as to why the statute of limitations were tolled are either unpreserved or unpersuasive, and it follows that the challenged claims were properly dismissed, either in whole or in part, as time-barred.
Next, we agree with Supreme Court that certain claims against the Mone defendants and/or the Cutler defendants failed to state a cause of action. As for the sixth cause of action for fraudulent concealment against Michael Mone and the Cutler defendants, the amended complaint did not, as required, "allege with particularity a misrepresentation or a material omission of fact which was false and known to be false by [them], made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Bynum v Keber, 135 AD3d 1066, 1067-1068 [2016] [internal quotation marks and citations omitted]; see CPLR 3016 [b]; Matter of Beer v Town of New Paltz, 179 AD3d 1238, 1241 [2020]; P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 376 [2003]). With regard to the fourth and twenty-eighth causes of action alleging that the Cutler defendants aided and abetted breaches of fiduciary duty by one or more of the Mone defendants, plaintiff failed to make the requisite allegations as to how the Cutler defendants "substantially assisted" in achieving the breaches via acts that went beyond the "ordinary business functions" of counsel (Karipaparambil v Polus, 195 AD3d 515, 516 [2021]; see McBride v KPMG Intl., 135 AD3d 576, 579 [2016]). Similarly, in the absence of any detailed allegations as to how the Cutler defendants were actually aware of fraud by the Mone defendants and substantially assisted in accomplishing [*5]it, plaintiff's seventh and twelfth causes of action failed to state viable claims against the Cutler defendants for aiding and abetting it (see Maki v Travelers Cos., Inc., 145 AD3d 1228, 1231 [2016], appeal dismissed 29 NY3d 943 [2017]; McBride v KPMG Intl., 135 AD3d at 578; compare State of N.Y. Workers' Compensation Bd. v Wang, 147 AD3d 104, 120 [2017]). Those claims were, as a result, properly dismissed.
Turning to the motions seeking to disqualify plaintiff as counsel, the advocate-witness rule provides that, subject to certain exceptions that are not at issue here, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]; accord Taylor v Casolo, 144 AD3d 1209, 1211-1212 [2016], lv dismissed 30 NY3d 962 [2017]). Plaintiff suggests that the rule does not apply to him because he is also a litigant but, as he commenced this action in a representative capacity, we do not agree (cf. Greenberg v Grace Plaza Nursing & Rehabilitation Ctr., 174 AD3d 510, 511 [2019]; Old Saratoga Sq. Partnership v Compton, 19 AD3d 823, 824-825 [2005]). Defendants were accordingly obliged to show "that the testimony of [plaintiff] is necessary to [their] . . . case," and they did so by articulating how plaintiff would need to relate his extensive personal observations of DiCenzo's functional capacity around the time of the 2016 release, a release that plaintiff contends DiCenzo lacked capacity to execute and that, if valid, would be fatal to a number of his claims (Van Ryn v Goland, 189 AD3d 1749, 1755 [2020] [internal quotation marks and citations omitted]; see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437, 445-446 [1987]). Further, because that testimony will be key to establishing plaintiff's claims, there is no need for defendants to also show that it would prejudice him (see Skiff-Murray v Murray, 3 AD3d 610, 611 [2004]; compare Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a], with Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [b]). As such, Supreme Court providently exercised its "sound discretion" in disqualifying plaintiff from serving as counsel (Baram v Baram, 154 AD3d 912, 913 [2017]; see Fuller v Collins, 114 AD3d 827, 830 [2014], lv dismissed 24 NY3d 935 [2014]).
Finally, as "plaintiff has not shown 'a significant risk' of adversity between the interests of [the Mone defendants] and [their] counsel, and nothing in the totality of the circumstances calls for the harsh sanction of disqualifying" counsel of their choice, Supreme Court did not abuse its discretion in denying plaintiff's request for that relief (Van Ryn v Goland, 189 AD3d at 1754-1755, quoting Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a] [2]). Plaintiff's remaining contentions, to the extent that they are properly before us, have been considered and found to lack merit.
Lynch[*6], Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order entered March 2, 2020 is affirmed, without costs.
ORDERED that the order entered May 28, 2020 is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendants Michael Mone, Nicholas Mone, Barbara Mone and Courtenay W. Hall for dismissal of that part of the first cause of action seeking to recover for sums due and owing after December 3, 2012; motion denied to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: As the portion of defendants' motions seeking dismissal were made after answer, they are properly viewed as motions for summary judgment based upon CPLR 3211 (a) grounds (seeMatter of Fernandez v Town of Benson, 196 AD3d 1019, 1021 n 3 [2021]; Johnson v Collyer, 191 AD3d 1192, 1193 n [2021]).

Footnote 2: Although DiCenzo executed the 2016 release and received a balloon payment in satisfaction of the 1988 purchase agreement, plaintiff suggests that the release was invalid and that, in any event, Nicholas Mone was not released from liability under its terms.

Footnote 3: The claims against the Cutler defendants were primarily dismissed on grounds other than the statute of limitations but, to the extent that plaintiff attacks Supreme Court's conclusion that some of them were time-barred, his arguments fail for the same reasons.