DiCenzo v Mone (2025 NY Slip Op 02383)

DiCenzo v Mone

2025 NY Slip Op 02383

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

CV-23-2207
[*1]William R. DiCenzo II, on Behalf of and as Guardian of the Property of William R. DiCenzo Sr. and on Behalf of Allen Drive Realty Inc. and Kirby Road Apartments LLC, Plaintiff,
v
Michael Mone, Individually and as Managing Member of Kirby Road Apartments LLC, et al., Respondents. Buenos Hill Inc., Appellant. (Action No. 1.)
William R. DiCenzo Sr. et al., Appellants,
v
Michael Mone et al., Respondents. (Action No. 2.)

Calendar Date:February 18, 2025

Before:Ceresia, J.P., Fisher, McShan and Mackey, JJ.

Law Office of William R. DiCenzo, Jackson Heights (William R. DiCenzo II of counsel), for appellants.
Klausner Cook, PLLC, Ithaca (Robert N. Gregor of counsel), for Barbara Mone and others, respondents.
Rowlands, LeBrou & Griesmer, PLLC, Saratoga Springs (Michael J. Catalfimo of counsel), for Sunmark Credit Union, respondent.

McShan, J.
Appeal from an order of the Supreme Court (James Walsh, J.), entered October 31, 2023 in Saratoga County, which, among other things, (1) denied a motion in action No. 1 by Buenos Hill Inc. to quash a subpoena duces tecum, and (2) granted a motion in action No. 2 by defendants Michael Mone and Kirby Road Apartments LLC to dismiss the complaint.
Having previously heard an appeal arising from this matter (200 AD3d 1162 [3d Dept 2021]), we briefly recount the underlying facts. In 1988, plaintiff William DiCenzo Sr. (hereinafter DiCenzo) sold 75% of his ownership interest in plaintiff Allen Drive Realty Inc. (hereinafter Allen Drive) to defendants Michael Mone, Nicholas Mone and Courtenay Hall for $900,000.[FN1] Pursuant to the purchase agreement, DiCenzo was to receive $100,000 of the purchase price up front and receive the remaining purchase price in monthly installment payments to be paid over 30 years. In 2003, Michael Mone and Hall allegedly ceased making the required installment payments and organized a new entity, defendant Kirby Road Apartments LLC, and transferred the assets of Allen Drive to it. A deed, reflecting the transfer, was recorded in 2003 and was signed by Michael Mone as president of "Allen Drive Apartments, Inc." and as managing member of Kirby Road. DiCenzo allegedly did not consent to the transfer, but in 2016, declared the debt owed under the 1988 purchase agreement to be paid in full and released Michael Mone and Hall of further liability in consideration for his one-third ownership interest in Kirby Road and a one-time payment.
In 2019, DiCenzo's son was appointed as his guardian and commenced action No. 1, in his capacity as guardian and on behalf of DiCenzo, Allen Drive and Kirby Road (hereinafter collectively referred to as the action No. 1 plaintiffs) against Michael Mone, Nicholas Mone, defendant Barbara Mone and Hall (hereinafter collectively referred to as the action No. 1 defendants) alleging, among other things, the misuse of business assets of Kirby Road and contesting the 2016 release alleging, among other things, fraudulent inducement and concealment.[FN2] Supreme Court granted a motion to dismiss most of these claims, and this Court affirmed (200 AD3d at 1167). In September 2022, DiCenzo's son requested the appointment of a temporary receiver to manage the assets of Kirby Road. The action No. 1 defendants contested the appointment of a temporary receiver contending that it was not apparent that DiCenzo was an owner of Kirby Road. To support their defense, the action No. 1 defendants served a subpoena duces tecum upon nonparty Buenos Hill Inc., requesting tax records and minutes of all meetings relating to ownership of Kirby Road. Buenos Hill responded with a motion to quash and for a protective order.
In April 2023, DiCenzo and Allen Drive commenced action No. 2 against Michael Mone, Kirby Road (hereinafter collectively referred to as the action No. 2 defendants) and defendant Sunmark Credit Union. The complaint alleged [*2]a claim of fraud, claiming, in sum and substance, that the 2003 transfer of assets from Allen Drive to Kirby Road was accomplished by forgery; specifically, Michael Mone signed his name to the deed as president of "Allen Drive Apartments, Inc.," which plaintiffs allege is a fictitious company and lacked authority for the conveyance. Accordingly, plaintiffs assert that the forged deed, and the mortgage held by Sunmark, are null and void. The action No. 2 defendants moved to dismiss contending, among other things, that the complaint violated the statute of limitations, failed to state a cause of action and should be dismissed because another action is pending, and Sunmark filed an answer asserting 13 affirmative defenses. Plaintiffs cross-moved to convert the motion to dismiss to a motion for summary judgment and to strike Sunmark's affirmative defenses. Supreme Court, among other things, granted the action No. 2 defendants' motion and dismissed the complaint in its entirety, finding that the action was time-barred. Supreme Court also found that the action No. 1 defendants met their burden to subpoena tax records from Buenos Hill, and, thus, denied the motion to quash the subpoena. Buenos Hill appeals the denial of the motion to quash the subpoena in action No. 1 and plaintiffs appeal from the grant of the motion to dismiss in action No. 2.
Turning first to the appeal from action No. 1, Buenos Hill argues that the motion to quash the subpoena should have been granted, as the action No. 1 defendants failed to make the appropriate showing of necessity for the requested records — i.e., certain tax returns and corporate meeting minutes of Buenos Hill. A motion to quash may be granted "only where the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry" (Van Ryn v Goland, 189 AD3d 1749, 1752 [3d Dept 2020] [internal quotation marks and citations omitted]). Although the issuer of a subpoena generally need not demonstrate that the information sought could not be obtained from other sources when seeking discovery from a nonparty (see Matter of Kapon v Koch, 23 NY3d 32, 39 [2014]), a heightened standard remains relative to a request for tax returns. To that end, "[t]he scope of discovery, though broad, is not unlimited, and certain personal financial records which contain confidential and private information, such as bank statements and tax returns, are only discoverable where the party seeking them shows that they are relevant to issues in the case, indispensable to the claim and unavailable from other sources" (Cooke v Greenhouse Hudson, LLC, 230 AD3d 841, 845 [3d Dept 2024] [internal quotation marks and citations omitted]; see Hersko v Hersko, 224 AD3d 813, 815-816 [2d Dept 2024]; Jones Day v Serenity Pharms., LLC, 213 AD3d 488, 489 [1st Dept 2023]; see also Mokay v Mokay, 124 AD3d 1097, 1099 [3d Dept 2015]). That being said, for purposes of the motion [*3]to quash, Buenos Hill still bore the initial burden to demonstrate that "the futility of the process to uncover anything legitimate is inevitable or obvious or [that] the information sought is utterly irrelevant to any proper inquiry" (Matter of Kapon v Koch, 23 NY3d at 38 [internal quotation marks, ellipsis and citations omitted]; see Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 403 [1st Dept 2018]). In that respect, we find that Buenos Hill's motion to quash is insufficient. As Supreme Court noted, although it had already determined that Buenos Hill was not a necessary party to the action in the context of a motion to dismiss, it had not assessed whether plaintiffs in action No.1 had an "apparent interest" in Kirby Road for purposes of determining whether the appointment of a receiver was warranted (CPLR 6401 [a]; see Chaline Estates v Furcraft Assoc., 278 AD2d 141, 142 [1st Dept 2000]; Nelson v Nelson, 99 AD2d 917, 918 [3d Dept 1984]; Gimbel v Reibman, 78 AD2d 897, 897 [2d Dept 1980]). Noting the liberal standard in assessing the potential relevance of subpoenaed records (see Matter of Kapon v Koch, 23 NY3d at 38), we find that the documents sought would likely contain information concerning the ownership interests of Kirby Road which is relevant to the inquiry on apparent interest.
However, we note that, "[u]nlike discovery subpoenas duces tecum, which are governed by CPLR 3120, trial subpoenas tecum require that the documents be delivered to the court and are governed by CPLR 2301" (Burns v Burns, 229 AD3d 675, 678 [2d Dept 2024]; see Fuzak v Donohue, 23 AD3d 1022, 1023 [4th Dept 2005]; Patrick M. Connors, 2015 Prac Commentaries, McKinney's Cons Laws of NY, CPLR C2301:3). To that end, "[a] subpoena duces tecum for use at a trial or hearing, and the denial of a motion to quash such subpoena duces tecum, are not the equivalent of an order of disclosure. The subpoena merely directs the subpoenaed party to have the documents in court so that the court may make appropriate direction with respect to the use of such documents" (People ex rel. Hickox v Hickox, 64 AD2d 412, 413-414 [1st Dept 1978]; accord Ayubo v Eastman Kodak Co., 158 AD2d 641, 642 [2d Dept 1990]; see John A. Gebauer & Brenda Williamson, 91 NY Jur 2d § 3 [2d ed, Feb 2025 update]). The trial subpoena at issue was returnable before Supreme Court on a date prior to the previously scheduled hearing on plaintiffs' order to show cause that, among other things, sought the appointment of a receiver to take custody over the assets of Kirby Road. According to the parties, that hearing remains pending as of the time of oral argument. In that respect, to the extent that the action No. 1 defendants contended that they were seeking production from Buenos Hill prior to the hearing, that was in error, and any potential disclosure should be limited for purposes of the receivership hearing.[FN3] Moreover, any information contained in Buenos Hill's tax returns, as a nonparty, would be limited [*4]to that discrete issue and, in that respect, an in camera review of the documents is warranted to assess their relevance and whether a narrowed disclosure would be more appropriate (see HealthNow NY, Inc. v White, 34 AD3d 1205, 1206 [4th Dept 2006]).[FN4] To the extent the parties' remaining contentions related to action No. 1 are not expressly addressed, they have been considered and found without merit.
As to plaintiffs' appeal from action No. 2, we agree with Supreme Court's determination to dismiss the action as time-barred by the six-year statute of limitations for a cause of action sounding in fraud. "A motion to dismiss a complaint on statute of limitations grounds pursuant to CPLR 3211 (a) (5) requires the defendant to establish, prima facie, that the action was time-barred" (Sloane v Power Auth. of the State of N.Y., 214 AD3d 1150, 1151 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 902 [2023]). This aspect of plaintiffs' appeal turns upon whether plaintiffs have properly alleged a claim for forgery, which implicates whether or not the cause of action is subject to a statute of limitations. "A forged deed that contains a fraudulent signature is distinguished from a deed where the signature and authority for conveyance are acquired by fraudulent means. In such latter cases, the deed is voidable. The difference in the nature of the two justifies this different legal status. A deed containing the title holder's actual signature reflects 'the assent of the will to the use of the paper or the transfer,' although it is assent 'induced by fraud, mistake or misplaced confidence' " (Faison v Lewis, 25 NY3d 220, 224-225 [2015], quoting Marden v Dorthy, 160 NY 39, 50 [1899]). The import of the distinction is particularly relevant, as a deed "where the signature and authority for conveyance are acquired by fraudulent means" is merely voidable (Faison v Lewis, 25 NY3d at 224; see Weiss v Phillips, 157 AD3d 1, 11 [1st Dept 2017]), as opposed to a forged deed or a deed obtained by false pretenses, which is void ab initio and, in turn, "is not subject to a statutory time bar" (Faison v Lewis, 25 NY3d at 230; see Rockwell v Despart, 212 AD3d 27, 34 [3d Dept 2022], lv dismissed 40 NY3d 974 [2023]; Mazo v Mazo, 132 AD3d 1112, 1114 [3d Dept 2015]).
Plaintiffs' complaint clearly does not allege that Michael Mone signed a name other than his own on the 2003 deed. To that end, it is well established that "one who signs his own name to a document . . . and holds himself out as that person . . . does not commit forgery" (LaSalle Bank Natl. Assn. v Ally, 39 AD3d 597, 600 [2d Dept 2007]; see Faison v Lewis, 25 NY3d at 225). Plaintiffs instead support their claims of fraud and forgery based upon the allegation that Michael Mone utilized a fictitious entity, "Allen Drive Apartments, Inc.," which misrepresented the authenticity of the owner of the Allen Drive property. Accordingly, plaintiffs contend that Michael Mone's lack of authority [*5]to convey the Allen Drive property establishes that the deed was obtained under false pretenses. On the assertion that the deed was a forgery, we note that "authority and authenticity are not the same thing" and one does not "commit forgery merely by exceeding the scope of authority" that he or she may have possessed (People v Cunningham, 2 NY3d 593, 599 [2004]). Whether or not Michael Mone had the authority to convey the property does not establish that he forged the deed; rather, the question distills to whether Michael Mone was the ostensible maker of the document; if so, he cannot have forged the deed (see People v Zeller, 122 AD3d 1081, 1082 [3d Dept 2014]). To that end, when an individual signs a name to an instrument and acknowledges it as his or her own, that person is the ostensible maker (see People v Briggins, 50 NY2d 302, 307 [1980]; see also Richard Greenberg, New York Criminal Law § 16:3 [4th ed, 6 West's NY Prac Series, Nov. 2024 update]). Further, although Michael Mone is identified as the president of "Allen Drive Apartments, Inc." in the deed, the parties to the transaction are Allen Drive and Kirby Road. To that end, as confirmed in plaintiffs' complaint, Allen Drive held title to the Allen Drive property. Thus, the reference to "Allen Drive Apartments, Inc." is relevant only to Michael Mone's authority, not to the authenticity of the document (see Rockwell v Despart, 212 AD3d at 34; Ehlenfield v Kingsbury, 206 AD3d 1671, 1675 [4th Dept 2022]; Matter of Shau Chung Hu v Lowbet Realty Corp., 161 AD3d 986, 988 [2d Dept 2018]; see also People v Levitan, 49 NY2d 87, 91 [1980]; compare Watson v Lampkin, 214 AD3d 427, 427 [1st Dept 2023]; Selene Fin., L.P. v Jones, 203 AD3d 1191, 1194 [2d Dept 2022]).
Similarly, the allegations in plaintiffs' pleading do not properly allege that the deed was procured under false pretenses, which encompasses the procurement of a genuine signature "by some trick or device to a piece of blank paper," such as "a deed or other instrument subsequently written over it without [the signer's] knowledge" (Marden v Dorthy, 160 NY at 49). In such a case, although the signature on the document is genuine, it lacks "assent of the will" (id.). Accordingly, false pretenses may be established, and an "instrument will be deemed void[,] because the signer was unaware of the nature of the instrument he or she was signing, such as where the signer is illiterate, or blind, or ignorant of the alien language of the writing, and the contents thereof are misread or misrepresented to him by the other party, or even by a stranger" (Cash v Titan Fin. Servs., Inc., 58 AD3d 785, 788 [2d Dept 2009] [internal quotation marks and citation omitted]; see Weiss v Phillips, 157 AD3d at 11). That scenario is not implicated by plaintiffs' pleading. Rather, accepting the facts as alleged and in the light most favorable to plaintiffs, the complaint clearly asserts, and the face of the deed clearly establishes, that Michael Mone signed his own [*6]name to the deed fully aware of the implication of doing so (see Mix v Neff, 99 AD2d 180, 182-183 [3d Dept 1984]; compare Reid v Wells Fargo, N.A., 195 AD3d 647, 649 [2d Dept 2021]; Crispino v Greenpoint Mtge. Corp., 304 AD2d 608, 609 [2d Dept 2003]; Filowick v Long, 201 AD2d 893, 893 [4th Dept 1994]; see generally Robert L. Haig, Commercial Litigation in New York State Courts § 100:70 [5th ed, 4D West's NY Prac Series, Oct. 2024 update]). Plaintiffs are further mistaken in suggesting that the deed was falsely made, as it is evident from the face of the deed that Michael Mone is both the ostensible maker and the actual maker (see People v Morehouse, 109 AD3d 1022, 1023 [3d Dept 2013]; People v Asai, 66 AD3d 1138, 1139 [3d Dept 2009]; see also Penal Law § 170.00 [4]). Thus, "[a]lthough the deed[ ] may have contained false information, [it was] not falsely made" (People v Levitan, 49 NY2d at 92; see People v Cunningham, 2 NY3d at 596). Ultimately, the crux of plaintiffs' pleading is that Michael Mone executed the deed and conveyed the property without the proper authority, an assertion that "does not render the deed void ab initio, but, at most, voidable" (Gerlitz v Biddle, 202 AD3d 762, 764 [2d Dept 2022]; see Ehlenfield v Kingsbury, 206 AD3d at 1675; Matter of Shau Chung Hu v Lowbet Realty Corp., 161 AD3d at 988; LaSalle Bank Natl. Assn. v Ally, 39 AD3d at 600).
Based on the foregoing, the species of fraud understood as a forgery or false pretenses is not implicated and, thus, the CPLR 213 (8) six-year statute of limitations was applicable to the cause of action (see Rockwell v Despart, 212 AD3d at 36). As we have previously determined that DiCenzo was aware, or should have been aware, of the transaction well outside the six-year period from when the proceeding was commenced (see 200 AD3d at 1165-1166), we find that the action was properly dismissed as time-barred. The parties' remaining contentions related to action No. 2 are otherwise rendered academic by our decision.[FN5]
Ceresia, J.P., Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: According to Michael Mone, Nicholas Mone gave up his ownership share, which left Michael Mone, Hall and DiCenzo as equal owners of Allen Drive.

Footnote 2: Barbara Mone, bookkeeper for Kirby Road, was also named as a defendant in action No. 1 based upon allegations that she engaged in corporate theft and conversion at the direction of Michael Mone.

Footnote 3: Although a 2018 amendment to CPLR 2305 permits delivery of subpoenaed materials directly to a litigant, that subdivision is not implicated in this case based upon the language used in the subpoena and, in any event, the method of delivery would ostensibly be subject to a challenge from the subpoenaed party as part of a motion to quash or a request for a protective order (see CPLR 2305 [d]; Patrick M. Connors, 2020 Supp Prac Commentaries, McKinney's Cons Laws of NY, CPLR C23015:2).
Footnote 4: On this, we note that Supreme Court did not make any determination with respect to Buenos Hill's request for a protective order and should consider whether some limited relief, such as redactions to the disclosure, is appropriate in the context of the hearing (see CPLR 2304; see generally Ayubo v Eastman Kodak Co., Inc., 158 AD2d at 642). 

Footnote 5: We decline the action No. 1 defendants' request to sanction plaintiffs, as we do not believe that the statements in plaintiffs' brief warrant such a remedy. Nevertheless, we note that plaintiffs' inclusion of inflammatory comments in their briefing is not an effective means of advancing their arguments and is better off avoided in the future.